IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY HORWITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 1968 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| WELLS FARGO BANK N.A., ) | |
| ) | |
| Defendant.[1] ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues Wells Fargo Bank, N.A. for its alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Sherman Act and state law. Wells Fargo has filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

## **Facts**[2]

On March 7, 2001, The Home Loan Center ("HLC") executed a power of attorney appointing Wells Fargo as its attorney-in-fact "to execute any and all documents for the purpose of assigning and transferring to [Wells Fargo] any and all mortgages, deeds of trust, and security instruments, and

---

[1] Plaintiff also names The Home Loan Center as a defendant in the second amended complaint, but because it was never served, the Court dismisses The Home Loan Center from this suit pursuant to Rule 4(m).

[2] Plaintiff disputes the facts asserted in paragraphs 14-16 and 18-25 of Wells Fargo's LR 56.1(a) Statement without any evidentiary support. Thus, in accordance with Local Rule 56.1(b)(3)(C), the Court deems plaintiff to have admitted those facts. *See id.* (stating that the facts asserted by the movant "will be deemed to be admitted" unless controverted by the opposing party with specific evidentiary references ).

the related notes." (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 16; Wells Fargo's LR 56.1(a) Stmt., Ex. G, Power of Attorney.)

In August 2005, plaintiff executed a note in the amount of $260,000.00 and a mortgage on his property at 7525 North Washtenaw in Chicago in favor of HLC. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 1, 10-11; Wells Fargo's LR 56.1(a) Stmt., Ex. A, Mortgage; *id.*, Ex. C, Note.) Among other things, the mortgage states that:

> The Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change to the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. . . . If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

(Wells Fargo's LR 56.1(a) Stmt., Ex. A, Mortgage ¶ 20.)

When plaintiff executed the note and mortgage, HLC gave him a disclosure statement that says HLC "do[es] not service mortgage loans and . . . intend[s] to assign, sell, or transfer the servicing of your mortgage loan" and a notice that says, "You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from The Home Loan Center to Wells Fargo Bank N.A., effective October 1, 2005." (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 12-13; Wells Fargo's LR 56.1(a) Stmt., Ex. D, Loan Servicing Disclosure Statement; *id.*, Ex. E, Notice of Assignment.)

Sometime thereafter, Freddie Mac became an investor in the mortgage and note, but neither instrument was transferred to or is currently held by Freddie Mac. (Pl.'s LR 56.1(b)(3)(B) ¶¶ 14, 20.)

On April 9, 2007, an officer of Wells Fargo, acting on behalf of HLC, assigned plaintiff's mortgage to Wells Fargo. (*Id.* ¶ 18; *see* Wells Fargo's LR 56.1(a) Stmt., Ex. I, Mortgage Assignment.) Another officer of Wells Fargo, acting on behalf of HLC, indorsed the note to Wells Fargo "without recourse." (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 19; Wells Fargo's LR 56.1(a) Stmt., Ex. C, Note at 6.)

Plaintiff stopped making mortgage payments in September 2011, and in January 2012, Wells Fargo filed a foreclosure suit against him in state court. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 22-24.)

**Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

In Count I, plaintiff alleges that Wells Fargo violated the FDCPA by falsely telling plaintiff it was the servicer of his mortgage and note. (*See* 2d Am. Compl. ¶ 34.) Wells Fargo contends that it is entitled to judgment on this claim because it is not a debt collector to whom the statute applies. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" unless the debt collection activity "concerns a debt which was not in

default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). The record shows that HLC assigned plaintiff's mortgage to Wells Fargo in April 2007, four years before plaintiff defaulted on his obligations. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 18, 22-23; Wells Fargo's LR 56.1(a) Stmt., Ex. I, Mortgage Assignment.)

Plaintiff contends, however, that the assignment is invalid because it was executed pursuant to an unrecorded power of attorney. *See* 765 Ill. Comp. Stat. 5/28 (stating that "[d]eeds, mortgages, powers of attorney, and other instruments relating to or affecting the title to real estate in this state, shall be recorded in the county in which such real estate is situated"). However, the consequence of failing to record such an instrument is to make it unenforceable against third parties who are unaware of it, not to invalidate any transaction it documents or facilitates. *See* 765 Ill. Comp. Stat. 5/30 ("[A]ll . . . deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record."); *Farmers State Bank v. Neese*, 665 N.E.2d 534, 538-39 (Ill. App. Ct. 1996) ("Assignments [of real estate contracts] . . . are voluntary contractual arrangements and, as with contracts for deed, need not be recorded to be valid and enforceable as between the parties thereto."). Thus, the fact that the power of attorney was not recorded does not make it invalid.

Alternatively, plaintiff argues that the power of attorney is invalid because it was "altered after it was written" and was not executed and certified by the same person. (Pl.'s Resp. Opp'n Mot. Summ. J. at 5.) Though the power of attorney clearly was changed to substitute Mark Kodlowski for Stephen Collias as the HLC officer authorized to execute it (*see* Def.'s LR 56.1(a) Stmt., Ex. G, Power of Attorney), there is no evidence to suggest that this change was made "after [the document] was written." Moreover, there is nothing sinister about the fact that the power of attorney was

4

signed by Kodlowski and certified by Collias. The power of attorney states that Kodlowski is authorized by HLC to execute the document, and the certification, signed by HLC's corporate secretary Collias, affirms that Kodlowski has that authority. (*See id.*)

In short, plaintiff's assertions that the power of attorney is flawed as a matter of law or arguably flawed as a matter of fact are unfounded. Because the record establishes that Wells Fargo obtained plaintiff's debt before he defaulted, it is not a debt collector within the meaning of the FDCPA. Thus, Wells Fargo is entitled to judgment as a matter of law on the Count I FDCPA claim.

Plaintiff's failure to raise a triable fact issue as to the validity of the assignment also dooms his remaining claims for slander of title and to quiet title and for violations of the Sherman Act and the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), all of which assume the assignment is invalid. (*See* 2d Am. Compl. ¶¶ 49, 64-67 (alleging that Wells Fargo's false assertion of an interest in his property and recording of a false assignment have clouded and slandered his title); *id.* ¶ 60 (alleging that Wells Fargo's "passing itself off as the servicer or owner of the Note and Mortgage" violates the IUDTPA); *id.* ¶ 82 (alleging that Wells Fargo and HLC conspired "to record false title documents on the titles of homes in which they have no interest" in violation of the Sherman Act).) Because the undisputed evidence shows that HLC assigned plaintiff's mortgage and indorsed plaintiff's note to Wells Fargo (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 18-19; Wells Fargo's LR 56.1(a) Stmt., Ex. I, Mortgage Assignment; *id.*, Ex. C, Note at 6), Wells Fargo is entitled to judgment as a matter of law on these claims as well.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact as to plaintiff's claims against Wells Fargo, which is entitled to judgment as a matter of law. Therefore, the Court grants Wells Fargo's motion for summary judgment [75]. This case is terminated.

**SO ORDERED.**                                       **ENTERED: May 15, 2013**

                                                                                            **HON. RONALD A. GUZMAN**
                                                                                            **United States District Judge**